Peter L. Kaufman (SBN 269297)
*kaufman@psblaw.com*
Wyatt A. Vespermann (SBN 322865)
*vespermann@psblaw.com*
**PANISH | SHEA | BOYLE | RAVIPUDI LLP**
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: (310) 477.1700
Facsimile: (310) 477.1699

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRIZIA SANCHEZ, individually and as Guardian ad Litem of J.G.1 and J.G.2, minors, <br><br> Plaintiffs, <br><br> v. <br><br> KIM JOHNSON, Director of the California Department of Social Services, in her official capacity; ANGIE SCHWARTZ, Deputy Director of the Children and Family Services Division of the California Department of Social Services, in her official capacity, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF (42 U.S.C. § 1983)** <br><br> **DEMAND FOR JURY TRIAL** |

-1-

COMPLAINT FOR DECLARATORY JUDGMENT AND PERMANENT INJUNCTIVE RELIEF

1
2
3
4
5

Plaintiffs PATRIZIA SANCHEZ, individually and as Guardian *ad Litem* of J.G.1 and J.G.2, minors ("Plaintiffs"), file this Complaint against KIM JOHNSON, in her official capacity as Director of the California Department of Social Services ("CDSS"), and Angie Schwartz, in her official capacity as Deputy Director of the Children and Family Services Division of the California Department of Social Services ("Defendants"), for Declaratory Judgment and Injunctive Relief.

6
7

## PARTIES

8
9
10

1. Plaintiff J.G.1 is a minor and grandson of PATRIZIA SANCHEZ who, at all relevant times, resided in the County of Tulare. J.G.1 was age zero to three years old at the time of the events complained herein.

11
12
13

2. Plaintiff J.G.2 is a minor and granddaughter of PATRIZIA SANCHEZ who, at all relevant times, resided in the County of Tulare. J.G.2 was age zero to six months old at the time of the events complained herein.

14
15
16
17

3. Plaintiff PATRIZIA SANCHEZ is an individual who, at all relevant times, resided in the County of Tulare. Plaintiff PATRIZIA SANCHEZ is the foster mother, de facto parent and prospective adoptive parent of J.G.1. Plaintiff PATRIZIA SANCHEZ is the foster mother of J.G.2. At the earliest opportunity, Plaintiff PATRIZIA SANCHEZ seeks to adopt J.G.1 and J.G.2.

18
19
20
21
22
23

4. CDSS is the state agency responsible for the administration in California of foster care, independent living, and adoption assistance under Title IV-E of the federal Social Security Act. As the Director of CDSS, KIM JOHNSON is responsible in her official capacity for the administration of the Child Welfare Act, 42 U.S.C. §§ 670-679b, and the programs related to that Act in California. KIM JOHNSON is responsible for implementing the policies contained in approved state plans and assuring CDSS' compliance with state and federal law. KIM JOHNSON is sued only in her official capacity.

24
25

5. ANGIE SCHWARTZ is responsible in her official capacity for implementing the policies contained in the approved state plans. ANGIE SCHWARTZ is sued only in her official capacity.

26
27
28

6. Wherever appearing in this Complaint, each and every reference to Defendants, and to any of them, is intended to be and shall be a reference to all Defendants hereto, and to each of them, named and unnamed, unless said reference is otherwise specifically qualified.

COMPLAINT FOR DECLARATORY JUDGMENT AND PERMANENT INJUNCTIVE RELIEF

## JURISDICTION AND VENUE

7.      Plaintiffs bring this this civil action under 42 U.S.C. § 1983 and seek a declaratory judgment, pursuant to 28 U.S.C. § 2201, that Defendants must use reasonable efforts to move J.G.1 and J.G.2, eligible children in foster care, toward permanent placements. Further, Plaintiffs seek provisional and permanent injunctive relief mandating Defendants to assign a competent agency to provide and facilitate foster care services to J.G.1 and J.G.2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343(a)(3).

8.      Plaintiff PATRIZIA SANCHEZ additionally seeks to vindicate her liberty interest in the companionship, care, custody, and management of her minor grandchildren, J.G.1 and J.G.2, as protected by the familial association rights derived of the 14th Amendment, and therefore brings both a procedural due process and substantive due process violation claim for the failure to provide and facilitate child welfare services to J.G.1 and J.G.2.

9.      Plaintiffs are informed and believe and on that basis alleges that venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this district.

## LEGAL FRAMEWORK

10.      In 1980, Congress enacted the Child Welfare Act to address the need for providing an appropriate setting for children who are dependents or wards of the state.

11.      The Child Welfare Act establishes a cooperative federal-state program that assists states in meeting the costs of providing foster care to children who are dependents and/or wards of the state. Pursuant to this cooperative program, a state must designate a state agency to administer and/or supervise the administration of the approved state plan. 42 U.S.C. § 671(a)(2). The plan in effect governs all political subdivisions of the state, and, if administered by them, is mandatory upon them.

12.      The Child Welfare Act requires that states participating in the cooperative program make reasonable efforts to place a foster child in a timely manner in accordance with a permanency plan, and to complete whatever steps are necessary to finalize the permanent placement of the child. 42 U.S.C. § 671(a)(15)(C).

COMPLAINT FOR DECLARATORY JUDGMENT AND PERMANENT INJUNCTIVE RELIEF

13.     Permanency planning is the process of assessing and preparing a child for long term care when in out-of-home placements such as kinship, foster care or institutions. A care plan must center on what is in the child's best interests, and therefore requires an ongoing assessment of the child and her needs.

14.     The ultimate goal of permanency planning is to ensure a secure environment with lifelong bonds that will support the child into adulthood. For most children this will be provided by their birth parents and relatives, and therefore family reunification should be the primary goal. Where reunification is not possible or suitable for the child, adoption is usually the next best option since it offers more stability and enables the child to develop a lasting attachment to their caregiver.

**COMMON FACTS**

15.     J.G.1, at ten-months old, on or about August 1, 2020, suffered anoxic brain injury and permanent brain damage due to severe malnutrition. The Tulare County Health and Human Services Agency, Child Welfare Services Division had an open child endangerment referral concerning the J.G.1 at the time, yet no investigation was initiated, and no emergency response services were administered.

16.     On August 6, 2020, J.G.1 was detained from his natural parents based on a failure to protect (Welf. & Inst. Code § 300(b)(1)) and severe physical abuse (Welf. & Inst. Code § 300(e)). Parental rights were terminated on or about December 31, 2021.

17.     On March 17, 2021, a civil complaint for damages was filed in the Superior Court of Tulare County by Plaintiff PATRIZIA SANCHEZ on behalf of J.G.1 against the County of Tulare alleging a failure to discharge mandatory duties. Gov. Code § 815.6. The litigation is still ongoing.

18.     On April 3, 2022, J.G.2 was born and subsequently detained from her natural parents based on severe physical abuse (Welf. & Inst. Code § 300(e)).

19.     On June 23, 2022, the Tulare County Superior Court, Juvenile Division disqualified the County of Tulare, specifically the Child Welfare Services division, from the dependency actions involving J.G.1 and J.G.2 on the grounds there exists a conflict of interest.

-4-

COMPLAINT FOR DECLARATORY JUDGMENT AND PERMANENT INJUNCTIVE RELIEF

20.     To date, no replacement state agency has assumed the role of administering and/or supervising the administration of child welfare services to J.G.1 and J.G.2 as required by state and federal law.

21.     J.G.1 and J.G.2, eligible children in foster care, have and will continue to suffer irreparable harm by being deprived of an adequate supervising agency to administer foster care services and to ultimately facilitate permanency placement in accordance with state and federal law.

## COUNT NO. 1—DECLARATORY RELIEF

22.     Plaintiffs incorporate paragraphs 1-21 as though fully set forth herein.

23.     There is currently an actual controversy between Plaintiffs and Defendants, and each of them, which is ripe for adjudication as to the designation of an appropriate state agency to administer and/or supervise the administration of child welfare services, specifically foster care services.

24.     The Child Welfare Act requires that CDSS make reasonable efforts to place a foster child in a timely manner in accordance with a permanency plan, and to complete whatever steps are necessary to finalize the permanent placement of the child. 42 U.S.C. § 671(a)(15)(C).

25.     The failure of CDSS to use reasonable efforts to move J.G.1 and J.G.2, eligible children in foster care, toward permanent placements by ensuring an appropriate state agency administer and/or supervise the administration of child welfare services, specifically foster care services, violates 42 U.S.C. § 671(a)(15)(C) and its implementing regulations.

26.     The failure of Defendants, and each of them, to substantially comply with the Child Welfare Act's mandates to make reasonable efforts to place a foster child in a timely manner in accordance with a permanency plan, and to complete whatever steps are necessary to finalize the permanent placement of the child, deprives Plaintiffs of their federal rights, including the familial association rights derived of the 14th Amendment, as well as privileges and immunities under color of state law in violation of 42 U.S.C. § 1983.

COMPLAINT FOR DECLARATORY JUDGMENT AND PERMANENT INJUNCTIVE RELIEF

## COUNT NO. 2—PERMANENT INJUNCTIVE RELIEF

27.    Plaintiffs incorporate paragraphs 1-26 as though fully set forth herein.

28.    Plaintiffs are informed and believe and on that basis allege that Defendants, and each of them, will continue to fail to ensure that an appropriate state agency is making reasonable efforts to place J.G.1 and J.G.2 in a timely manner in accordance with a permanency plan, and to complete whatever steps are necessary to finalize the permanent placement of J.G.1 and J.G.2.

29.    Plaintiffs have suffered injury that is irreparable in nature as the proximate result of the failure of Defendants, and each of them, to make reasonable efforts to place a foster child in a timely manner in accordance with a permanency plan, to complete whatever steps are necessary to finalize the permanent placement of the child, and to designate an appropriate state agency to administer and/or supervise the administration of child welfare services to J.G.1 and J.G.2, specifically foster care services.

30.    Plaintiffs are without adequate remedy at law.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request relief as follows:

1.  That the Court declare that Defendants, and each of them, violated, continue to violate, and/or will violate the Child Welfare Act and the familial association rights derived of the 14th Amendment by failing to use reasonable efforts to move J.G.1 and J.G.2, eligible children in foster care, toward permanent placements in accordance with federal and state laws;

2.   That the Court declare that Defendants, and each of them, violated, continue to violate, and/or will violate the Child Welfare Act the familial association rights derived of the 14th Amendment by failing to designate an appropriate state agency to administer and/or supervise the administration of child welfare services to J.G.1 and J.G.2, specifically foster care services in accordance with federal and state laws;

3.  That Defendants, and each of them, use reasonable efforts to move J.G.1 and J.G.2, eligible children in foster care, toward permanent placements in accordance with the Child Welfare Act and the familial association rights derived of the 14th Amendment;

COMPLAINT FOR DECLARATORY JUDGMENT AND PERMANENT INJUNCTIVE RELIEF

PANISH|SHEA|BOYLE|RAVIPUDI LLP

4. That Defendants, and each of them, designate an appropriate state agency to administer and/or supervise the administration of child welfare services to J.G.1 and J.G.2, specifically foster care services in accordance with the Child Welfare Act and the familial association rights derived of the 14th Amendment; and

5. That this Court award Plaintiffs such other relief as is warranted by the facts and the law as is just under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury for all issues that are so triable.


Dated:  August 26, 2022                **PANISH | SHEA | BOYLE | RAVIPUDI LLP**


                                        By:   _____
                                              Brian J. Panish
                                              Peter L. Kaufman
                                              Wyatt A. Vespermann
                                              Attorneys for Plaintiffs

COMPLAINT FOR DECLARATORY JUDGMENT AND PERMANENT INJUNCTIVE RELIEF