UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRIZIA SANCHEZ, *individually and as Guardian ad Litem of J.G.1 and J.G.2, minors*,<br><br>Plaintiff,<br><br>v.<br><br>KIM JOHNSON, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-01091-JLT-EPG<br><br>ORDER GRANTING MOTION TO APPOINT GUARDIAN AD LITEM<br><br>(ECF No. 5) |

On August 26, 2022, Plaintiff Patrizia Sanchez, proceeding individually and on behalf of minor Plaintiffs J.G.1 and J.G.2, filed a complaint for declaratory judgment and injunctive relief concerning foster care services for J.G.1 and J.G.2. (ECF No. 1). Now before the Court is the motion to appoint Plaintiff Sanchez as the guardian ad litem for J.G.1 and J.G.2. (ECF No. 5). For the following reasons, the Court will grant the motion.

**I.     SUMMARY OF THE MOTION**

The motion states that J.G.1 and J.G.2 are the grandchildren of Plaintiff Sanchez, who is also their foster mother. J.G.1 and J.G.2 have no general guardian. Plaintiff Sanchez is willing to serve as their guardian ad litem and is fully competent to understand and protect their rights and has no interest adverse to them.

///

///

1

Regarding the role of counsel in this case, the motion states as follows:

> Petitioner has contracted with Peter L. Kaufman and Wyatt A. Vespermann of Panish, Shea, Boyle & Ravipudi LLP with an office located at 11111 Santa Monica Boulevard, Suite 700, Los Angeles, California 90025 to prosecute the causes of action for the minors.
>
> Peter L. Kaufman and Wyatt A. Vespermann of Panish, Shea, Boyle & Ravipudi LLP are attorneys of record for J.G.1 in the matter entitled *J.G., a minor by and through his Guardian ad Litem, Patrizia Sanchez vs. County of Tulare, et al.* in Tulare County Superior Court Case No. VCU286277. It was in this capacity, and out of concern for the welfare of J.G.1 and J.G.2, these attorneys became involved in the current action.
>
> The scope and terms of the representation of Peter L. Kaufman and Wyatt A. Vespermann of Panish, Shea, Boyle & Ravipudi LLP in this action is to help secure an appropriate state agency to administer and/or supervise the administration of child welfare services to J.G.1 and J.G.2. These attorneys did not become involved in this action at the instances of Defendants, directly or indirectly, nor do they have any direct or indirect relationship with Defendants.
>
> Peter L. Kaufman and Wyatt A. Vespermann of Panish, Shea, Boyle & Ravipudi LLP have not received, nor do they expect to receive, any compensation from the instant proceeding.

(ECF No. 5).

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).
>      . . . .
>
> (c) **Disclosure of Attorney's Interest.**  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

A guardian ad litem needs to be dedicated to the best interests of the minor and "must not face an impermissible conflict of interest with the [minor]." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 9th Cir. 1986).

### III. DISCUSSION

Plaintiffs J.G.1 and J.G.2 are minors and lack the capacity to sue under California law. *See Ramirez Fonua v. City of Hayward*, No. 21-CV-03644 SBA, 2022 WL 36007, at *1 (N.D. Cal. Jan. 4, 2022) ("Under California law, an individual under the age of eighteen may enforce his or her rights by civil action or other legal proceedings in the same manner as an adult, except that a guardian must conduct the action or proceedings.") (citing Cal. Fam. Code §§ 6500, 6601). Therefore, appointment of a guardian ad litem is necessary and appropriate. There does not appear to be any conflict of interest between Plaintiff Sanchez and J.G.1 and J.G.2. Additionally, there is nothing to indicated that Plaintiff Sanchez would not act in the minors' best interests. Lastly, the motion complies with Local Rule 202(c)'s requirements for disclosure of the attorneys' interests.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, IT IS ORDERED that the motion (ECF No. 5) to appoint Plaintiff Sanchez as guardian ad litem for J.G.1 and J.G.2 is GRANTED. Plaintiff Sanchez shall serve as guardian ad litem for J.G.1 and J.G.2 in this action.
IT IS SO ORDERED.

Dated: **August 30, 2022**           /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

3